IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thor Cheltenham Square Mall, L.P., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| Rush Dental Associates of Pennsylvania, P.C. d/b/a Modern Dental Concepts, et al., | : | NO. 09-2601 |
| Defendants. | : | |



FILED
AUG 26 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM

ROBERT F. KELLY, Sr. J.                                              AUGUST 26, 2009

Presently before the Court is the Motion of Defendants Rush Dental Associates of Pennsylvania, P.C. d/b/a Modern Dental Concepts, and Howard M. Koff, D.D.S. and Associates, P.C. d/b/a The Orthodontist (collectively "Rush Dental Associates") to Dismiss the Complaint for Lack of Subject Matter Jurisdiction or in the Alternative for Discovery Limited to Jurisdictional Issues. For the reasons set forth below, the Motion to Dismiss is denied.

I.    FACTS

Plaintiff Thor Cheltenham Mall, L.P. ("Thor") is a Delaware limited partnership in the business of real estate investment. Thor is the owner of the shopping center known as the Cheltenham Square Mall, located at 2385 Cheltenham Avenue, Philadelphia, Pennsylvania 19150. Thor has as its general partner, Thor GP Cheltenham Mall Corp. ("Thor GP"), and Thor Urban Fund, L.P. as its limited partner. In connection with its real estate investment business, Thor establishes single purpose entities in connection with each of its real estate investments. In the case of the Cheltenham Mall, Thor created Thor GP for the single purpose of holding

ownership in the Mall. Thereafter, Thor GP hired Thor Equities, LLC ("Thor Equities") to manage the day-to-day operations of the Mall. The corporate headquarters for all of the Thor entities is 25 West 39th Street, New York, NY 10018.

On April 4, 2003, prior to Thor's ownership of the Mall, Rush Dental Associates entered into a ten-year lease agreement for the lease of commercial space in the Mall. After the signing of the lease, Thor purchased the Mall and was assigned all landlord's rights under the lease with Rush Dental Associates. As such, Rush Dental Associates were obligated to pay monthly rent, as well as an advanced estimated share of real estate and other taxes, insurance, and maintenance charges to Thor, as their landlord and owner of the Mall. (Compl. ¶ 13.) Nevertheless, Thor contends that, as of September 2006, Rush Dental Associates failed to pay the full amount due under the terms of the lease, and furthermore, as of approximately October 2008, Rush Dental Associates failed to make any payments for their use of the commercial space in the Mall.

On June 8, 2009, Thor filed suit in this Court on the basis of diversity, seeking damages for unpaid rent, along with attorneys' fees and costs of suit. On July 16, 2009, Rush Dental Associates filed a Motion to Dismiss the Complaint, arguing that this Court lacked subject matter jurisdiction over the case because the parties were not diverse. There is no dispute that all of the Rush Defendants are citizens of Pennsylvania, in that both Rush Dental Associates of Pennsylvania d/b/a Modern Dental Concepts, and Howard M. Koff, D.D.S. and Associates P.C. d/b/a The Orthodontist, are both Pennsylvania corporations with their principal places of business in Pennsylvania. However, Rush Dental Associates assert that the Complaint should be dismissed because the principal place of business of Thor's general partner, Thor GP, is in Pennsylvania, at the location of the Cheltenham Mall, making it a citizen of Pennsylvania.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), when "considering a motion to dismiss for lack of subject matter jurisdiction, the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Fed. Realty Inv. Trust v. Juniper Props. Group, No. 99-3389, 2000 WL 45996, at *3 (E.D. Pa. 2000) (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)). The district court, when reviewing a motion to dismiss for lack of subject matter jurisdiction, "must accept as true the allegations contained in the plaintiff's complaint, except to the extent federal jurisdiction is dependent on certain facts." Id. (citing Haydo v. Amerikohl Mining, Inc., 830 F.2d 494, 496 (3d Cir. 1987)). The district court is not confined to the face of the pleadings when deciding whether subject matter jurisdiction exists. Id. (citing Armstrong World Indus. v. Adams, 961 F.2d 405, 410, n.10 (3d Cir. 1992)). "In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside of the pleadings." Id. (citing Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990)). In the case where the defendant attacks jurisdiction with supporting affidavits, "the plaintiff has the burden of responding to the facts so stated." Id. "A conclusory response or a restatement of the allegations of the complaint is not sufficient." Id. (citing Int'l Ass'n of Machinists & Aerospace Workers v. N.W. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982)).

## III.   DISCUSSION

The issue in this case is the citizenship of Thor's general partner, Thor GP. A corporation is a citizen of both the state of its incorporation, as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Corporate citizenship is determined by the

citizenship of both the general and limited partners. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990). Thor's citizenship is, therefore, determined by the citizenship of Thor GP, as its general partner, and all partners of Thor Urban Fund, L.P., its limited partner. The parties agree that Thor Urban Fund L.P., and all of its partners, are citizens of states other than Pennsylvania.[1] The parties also agree that Thor GP was incorporated in the state of Delaware. The real dispute in this matter is, therefore, the location of Thor GP's principal place of business.

Thor argues that its principal place of business is New York, as all of its officers work in its New York headquarters, its corporate meetings are held in New York, its address for tax purposes is its office in New York, and Thor GP has delegated authority for running the operations of the Mall to Thor Equities, also located in New York. In contrast, Rush Dental Associates contend that Thor GP's sole purpose is to hold ownership in the Cheltenham Mall, that it thereby owns property and assets in Pennsylvania, and therefore, Pennsylvania is its only logical principal place of business.

A corporation has only one principal place of business. Kelly v. U.S. Steel Corp., 284 F.2d. 850, 853 (3d Cir. 1960); In re Avandia Mktg., Sales, Practices and Prod. Liab. Litig., No. 07-1871, 09-0809, 08-05847, 2009 WL 1708078, at *7 (E.D. Pa. June 17, 2009). In determining the location of a corporation's principal place of business, the Third Circuit employs the "center of corporate activities" test articulated in Kelly. In re Avandia Mktg., 2009 WL 1708078, at *7.

---

[1] Thor Operating Fund, L.P. is comprised of its general partner, Thor Operating Fund LLC, and its limited partners, Thor Urban Property Fund, Inc. and CalSTRS, as well as its special limited partner, Thor UPF Sponsor, LLC. Thor Operating Fund LLC is a citizen of Delaware and New York. Thor Urban Property Fund, Inc. is a citizen of Maryland and New York. CalSTRS is the California State Teachers' Retirement Fund and a citizen of California. Thor UPF Sponsor, LLC is a citizen of New York.

(Pl.'s Mem. in Opp. 6-8.)

Under the Kelly test, courts must ascertain "the headquarters of the day-to-day corporate activity and management." Id. Courts should consider "where Board decisions concerning overall corporate functions are reached, and also where a number of the basic functions are maintained (e.g. pension plans, insurance, loans)." Id. (citing Quaker State Dyeing and Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972)). Courts look not to "where . . . final decisions are made on corporate policy," but rather to where the corporation "conducts its affairs." Bruesewitz v. Wyeth, No. 05-5994, 2006 WL 782437, at *2 (E.D. Pa. Mar. 27, 2006)(quoting Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 411 (3d Cir. 2003)); see also Kelly, 284 F.2d at 854.

In Kelly, the Board of Directors had delegated authority to an "Operation Policy Committee," to conduct the operations of the business relating to "manufacturing, mining, transportation and general operation." 284 F.2d at 854. This Committee was made up of the "Chairman of the Board, the President, the Chairman of the Finance Committee, the General Counsel and the seven Executive Vice Presidents." Id. The Third Circuit looked to the location and composition of this Committee, and determined that the location of this Committee was the location of the corporation's principal place of business. Id. The Court opined that the business was really being run by this Committee, and therefore, determined that the "business by way of activities is centered in Pennsylvania and we think it is the activities rather than the occasional meeting of policy-making Directors which indicate the principal place of business." Id. Other relevant factors of lesser importance include: (1) location of physical plants; (2) location of assets; and (3) location of employees. Id.; Mennen Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 291 (3d Cir. 1998).

After considering all of the Kelly factors, we find that Thor GP's principal place of business is New York. Thor has presented evidence that the corporate headquarters for all of the Thor entities is 25 West 39th Street, New York, NY 10018. From this New York location, Thor GP oversees the work of Thor Equities, which in turn handles the day-to-day operations of the Mall, including "whether to lease space to a new tenant, whether to renew a lease, undertake a construction project, perform maintenance, overseeing payroll, performing accounting services, making personnel decisions, and a wide range of other matters." (Pl.'s Mem. in Opp. 5.) (Lockhart Decl. ¶¶ 8,9.) Furthermore, all of the officers of Thor GP, including its President, work in the New York office and direct the company's operations from that office. (Id. at 11.) In contrast, Thor GP has only two employees on-site at the Mall, neither of whom have any authority to make decisions regarding the operations of the Mall. See Wheelabrator Frackville Energy Co. v. Morea Culm Servs., Inc., 741 F. Supp. 536, 539-40 (E.D. Pa. 1990) (finding that where plant and employees were located in Pennsylvania, but few management decisions were made there, Pennsylvania was not the principal place of business). Thor has also presented evidence that corporate meetings for Thor GP are usually held at the New York office, and that Thor GP uses the address of the New York office as its address for tax purposes. (Lockhart Decl. ¶¶ 11,12.)

The only factors weighing in favor of finding Pennsylvania as Thor GP's principal place of business is the fact that the physical site of the Mall is in Cheltenham, Pennsylvania, and the fact that Thor GP employs two employees on-site at the Mall. These factors are not sufficient to outweigh the evidence presented by Thor that New York is the center of its corporate activities. Because we find that Thor GP's principal place of business is New York, there is diversity among

the parties, and this Court has subject matter jurisdiction over the case. The Motion to Dismiss for lack of subject matter jurisdiction is therefore denied.

 An appropriate Order follows.